UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                            Plaintiff,

            -against-

EDWARD SPIRO, et al.,

                            Defendants.

1:25-CV-7475 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated August 17, 2021, the Court barred Plaintiff from filing future civil actions in this court *in forma pauperis* ("IFP") without first obtaining from the court leave to file. *See Caldwell v. Cohen*, No. 1:21-CV-5039 (LTS), 2021 WL 3667984 (S.D.N.Y. Aug. 17, 2021), *appeal dismissed*, No. 23-1090 (2d Cir. Nov. 29, 2023) (effective Dec. 20, 2023). On September 9, 2025, Plaintiff filed this new civil action *pro se* and submitted payment of $200.00 to the Clerk of Court in an effort to pay the fees to bring this new civil action. Because that amount was insufficient to pay the $405.00 in fees required to bring a civil action in this court, on or about September 15, 2025, the Clerk of Court returned to Plaintiff the $200.00 that he had previously paid, along with a copy of the court's Standing Order, *In re: Improper Payments Received in Pro Se Cases*, Standing Order M10-468 (S.D.N.Y. Jan. 29, 2024).

That Standing Order requires the court to return an improper fee payment to the *pro se* litigant who paid it, provide that litigant with a copy of the Standing Order and the Miscellaneous Fee Schedule, and requires the litigant to, within 30 days of the filing of that Standing Order in the applicable action, pay the correct amount of fees. *In re: Improper Payments Received in Pro Se Cases*, Standing Order M10-468 (S.D.N.Y. Jan. 29, 2024). Failure to pay the correct amount of fees within that 30-day period may result in dismissal of the *pro se* litigant's action. *See id.*

Plaintiff has not submitted payment of the correct amount of fees within the applicable 30-day period. Thus, the Court dismisses this action without prejudice pursuant to the abovementioned Standing Order.[1] *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action without prejudice for the reasons set forth in this order.

SO ORDERED.

Dated:   March 9, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[1] In addition, Plaintiff has not submitted an IFP application. Yet, because he has not paid the correct amount of fees, the Court could understand that he is seeking to proceed IFP. Inasmuch as Plaintiff is seeking to do so, however, he has not sought leave to file this action. Thus, the Court could alternatively dismiss this action pursuant to the Court's August 17, 2021 order in *Caldwell*, 2021 WL 3667984.